IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON TODD,

    Plaintiff,

  v.

JOHN DOE 1,

    Defendant.
_____/

No.  CIV.S-05-0999 DFL DAD PS

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

    Following a June 24, 2005, hearing in this removal action, the undersigned granted the Los Rios Community College District's motion to dismiss due to insufficiency of process and insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), respectively.  The undersigned quashed the attempted service in this action and granted plaintiff up to and including September 16, 2005, which was one hundred twenty (120) days after the date of removal in this case, to complete service of

/////

/////

1

process and file proof of such service with the Clerk of the Court.[1] Plaintiff was forewarned that the failure to timely comply with the terms of the court's order would result in a recommendation of dismissal.  (See Order filed June 27, 2005.)

The required time has expired and plaintiff has not completed service of process as directed.  Therefore, the undersigned will recommend that this action be dismissed.

Plaintiff has filed a "Request for In Camera Review of Soltyz Murder Report" and a request for extension of time to complete service of process.  Plaintiff argues that "the Soltyz murder report #187-PC 0169534 from the Sacramento County Sheriff's department" should be reviewed by the court in camera so as to assist plaintiff in his efforts to ascertain the identity of the named John Doe defendant.[2]  However, plaintiff has not shown that the law enforcement report in question reveals the identity of the Doe

---

[1] Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant ....".  The weight of authority supports the proposition that the 120-day period runs from the date of removal as opposed to the date the state court action was filed.  See Lawrence v. Hanson, 197 F. Supp. 2d 533, 538 (W.D. Va. 2002); Eccles v. National Semiconductor Corp., 10 F. Supp. 2d 514, 520 (D. Md. 1998).

[2] As is the case with a related action in this court, a liberal construction of plaintiff's complaint indicates that this matter concerns, at least tangentially, the well-known case of Nikolai Soltys, an individual who was the subject of a major manhunt in Northern California in 2001 following the alleged murder of his pregnant wife, son and other relatives.  Mr. Soltys was apprehended in 2001 and died in the Sacramento County Jail while criminal proceedings were pending.  The related action is Todd v. Day, No. CIV.S-05-0755 DFL DAD PS.

2

1  defendant.  Nor has plaintiff made a proper discovery request for the
2  report under the Federal Rules of Civil Procedure or properly brought
3  this issue before the undersigned by way of motion.  Therefore, the
4  requests for <u>in</u> <u>camera</u> review and extension of time will be denied.
5       Accordingly, IT IS HEREBY ORDERED that plaintiff's requests
6  for <u>in</u> <u>camera</u> review and extension of time are denied.
7       IT IS HEREBY RECOMMENDED that this action be dismissed
8  without prejudice.  <u>See</u> Fed. R. Civ. P. 4(m).
9       These findings and recommendations are submitted to the
10  United States District Judge assigned to the case, pursuant to the
11  provisions of 28 U.S.C. § 636(b)(1).  Within twenty (20) days after
12  being served with these findings and recommendations, plaintiff may
13  file written objections with the court.  Such a document should be
14  captioned "Objections to Magistrate Judge's Findings and
15  Recommendations."  Plaintiff is advised that failure to file
16  objections within the specified time may waive the right to appeal
17  the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
18  Cir. 1991).
19  DATED: October 21, 2005.

                                    _____
                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE

23  DAD:th
    DDad1\orders.prose\todd0999.order.f&r

3